**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSH PERTA, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>Plaintiff,<br>v.<br><br>METZ CULINARY MANAGEMENT LLC.,<br>    d/b/a METZ CULINARY MANAGEMENT<br>NO LIMIT STEAKS LLC,<br>    d/b/a RUTH'S CHRIS STEAK HOUSE,<br>METZ ENTERPRISES INC.<br>    d/b/a T.G.I. FRIDAYS<br>LEHIGH VALLEY PUBS, INC.<br>    d/b/a T.G.I. FRIDAYS<br>and JEFFREY C. METZ,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, JOSH PERTA, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against METZ CULINARY MANAGEMENT LLC., d/b/a METZ CULINARY MANAGEMENT, NO LIMIT STEAKS LLC, d/b/a RUTH'S CHRIS STEAK HOUSE, METZ ENTERPRISES INC. d/b/a T.G.I. FRIDAYS, LEHIGH VALLEY PUBS, INC., d/b/a T.G.I. FRIDAYS (collectively, "Corporate Defendants") and JEFFREY C. METZ, (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that he and others similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to timeshaving, (2) unpaid wages, including overtime, due to invalid tip credit, (3) illegally retained gratuities, (4) liquidated damages, and (5) attorney's fees and costs.

2. Plaintiff further alleges that, pursuant to The Minimum Wage Act of 1968, as amended, ("MWA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to timeshaving, (2) unpaid minimum wage due to invalid tip credit, (3) illegally retained gratuities, (4) statutory penalties, (5) liquidated damages, and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JOSH PERTA, is a resident of Luzerne County, Pennsylvania.

6. Defendants collectively own and operate franchise restaurants across Pennsylvania, including the following:

> i. Ruth's Chris Steak House;
>
>> a) 1280 Highway 315, Wilkes Barre, PA 18702.
>
> ii. T.G.I. Friday's;

a) 4402 Southmont Way, Easton PA 18045;

b) 10 North West End Blvd, Quakertown, PA 18951

(collectively, "the Restaurants").

7. Corporate Defendant METZ CULINARY MANAGEMENT LLC., d/b/a METZ CULINARY MANAGEMENT is a domestic business corporation organized under the laws of Pennsylvania, with a principal place of business and an address for service of process located at 2 Woodland Dr, Dallas, PA 18612. See **Exhibit A**.

8. Corporate Defendant, NO LIMIT STEAKS, LLC, d/b/a RUTH'S CHRIS STEAK HOUSE, is a domestic business corporation organized under the laws of Pennsylvania, with a principal place of business located at Mohegan Sun Pocono 1280 PA-315, Wilkes-Barre, PA 18702 and an address for service of process located at 2 Woodland Dr, Dallas, PA 18612. See **Exhibit B**.

9. Corporate Defendant METZ ENTERPRISES INC., d/b/a T.G.I. FRIDAY'S is a domestic business corporation organized under the laws of Pennsylvania, with a principal place of business and an address for service of process located at 4402 Southmont Way, Easton, PA 18045. **Exhibit B.**

10. Corporate Defendant LEHIGH VALLEY PUBS, INC., d/b/a T.G.I. FRIDAY'S is a domestic business corporation organized under the laws of Pennsylvania, with a principal place of business and an address for service of process located at 10 North West End Blvd, Quakertown, PA 18951. **Exhibit B.**

11. Individual Defendant JEFFREY C. METZ is the President and CEO of all Corporate Defendant entities **Exhibit A; Exhibit B; Exhibit C**. JEFFREY C. METZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs,

and the Class. JEFFREY C. METZ exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to JEFFREY C. METZ directly regarding any of the terms of their employment, and JEFFREY C. METZ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. JEFFREY C. METZ exercised functional control over the business and financial operations of Corporate Defendants. JEFFREY C. METZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

12. The Restaurants are operated as a single integrated enterprise under the common control of the Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

    a) Corporate Defendant METZ CULINARY MANAGEMENT LLC, d/b/a METZ CULINARY MANAGEMENT owns several Restaurants franchises, which include Ruth's Chris Steak House and T.G.I. Friday's. *See* **Exhibit D**.

    b) Corporate Defendant METZ CULINARY MANAGEMENT LLC, d/b/a METZ CULINARY MANAGEMENT operates the Restaurants through Corporate Defendants NO LIMIT STEAKS LLC, d/b/a RUTH'S CHRIS STEAK HOUSE, METZ ENTERPRISES INC. d/b/a T.G.I. FRIDAYS and LEHIGH VALLEY PUBS, INC. d/b/a T.G.I. FRIDAYS.

    c) Specifically, Individual Defendant JEFFREY C. METZ operates METZ CULINARY MANAGEMENT LLC, d/b/a METZ CULINARY MANAGEMENT, NO LIMIT STEAKS LLC, d/b/a RUTH'S CHRIS STEAK HOUSE, METZ ENTERPRISES INC. d/b/a T.G.I. FRIDAYS, and LEHIGH VALLEY PUBS, INC. d/b/a T.G.I. FRIDAYS as he asserts publicly and on Defendants' website

    d) Individual Defendant JEFFREY C. METZ is a principal on each locations liquor license. See **Exhibit B.**

    e) Individual Defendant JEFFREY C. METZ will "often jump on an airplane to fly to a location to solve a problem. He said that hands-on approach has proven to be a key of the company's success." **Exhibit C**.

    f) Defendants advertise their Restaurants and their locations on their website. **Exhibit D**.

    g) The Restaurants utilize a centralized human resources department.

13. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, bartenders, barbacks, servers, runners, bussers, porters, cooks, line-cooks, food preparers, grillers,

cashiers, and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages for all hours worked due to Defendants' policy of (i) failing to pay wages, including overtime, due to timeshaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. A subcollective of tipped employees has a claim for: (i) unpaid failing to pay wages, including overtime, due to invalid tip credit and (ii) unlawfully retaining gratuities. Plaintiff is a member of both the FLSA Collecitve and the subcollective.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, bartenders, barbacks, servers, runners, bussers, porters, cooks, line-cooks, food preparers, grillers, cashiers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40)." Plaintiff PERTA is a member of the Tipped Subclass and the Class.

21.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: failing to pay wages, including overtime, due to timeshaving.

22.     With regard to the Tipped Subclass, Defendants also failed to pay the proper minimum wage because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the various state laws. Plaintiff and the Tipped Subclass similarly suffered from Defendants' failure to pay the proper minimum wage due to Defendants' invalid tip credit allowance, because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused

tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked during a given shift each workweek; (iii) implemented an invalid tip pooling scheme where managers and other non-tipped employees participated; (iv) illegally retained tips; (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

23. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the Pennsylvania Minimum Wage Act. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of Pennsylvania law and applicable state laws;

    b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

    c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates;

    e. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members for all hours worked;

    f. Whether Defendants accurately kept records of all hours worked by Plaintiff and Class members;

    g. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

    h. Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

    i. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% or two hours of their work shift;

    j. Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme in which Plaintiff and the Tipped Subclass did not agree to and where non-tipped employees participated;

    k. Whether Defendants retained any portion of the gratuities for their tipped employees;

    l. Whether Defendants provided proper wage statements informing: (i) tipped employees of the amount of tip credit allowance for each payment period; and (ii) all non-exempt employees of information required to be provided on wage statements as required under MWA and applicable state laws; and

  m. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of MWA and applicable state laws.

## STATEMENT OF FACTS

28. In or around July 2021, Plaintiff PERTA was hired as a barback to work at Defendants RUTH'S CHRIS STEAK HOUSE restaurant, located at 1280 PA-315, Wilkes-Barre, PA 18702. Plaintiff's employment was terminated on or about August 31, 2021.

29. Plaintiff PERTA was scheduled to work five (5) days per week, four (4) days from 4:00 p.m. to 1:00 a.m., and one (1) day from 10:00 a.m. to 10:00 p.m.

30. Throughout Plaintiff PERTA's employment, Defendants failed to compensate Plaintiff for all his worked hours. At least three (3) times per week, Plaintiff PERTA was required to continue working through his meal break, without taking a free and clear break. Despite the fact that Plaintiff was working through his meal breaks, Defendants would still automatically deduct thirty (30) minutes from his hours worked. Similarly, FLSA Collective Plaintiffs and Class members suffered from Defendants automatic meal break deductions when they worked through their meal breaks.

31. Throughout his employment, Plaintiff was compensated at a tipped wage rate of $5.00 per hour, below the minimum wage. However, Defendants did not compensate Plaintiff PERTA with his proper wages as a result of Defendants utilizing an invalid tip credit and as a result, Plaintiff was paid below the legally required minimum wage. Similarly, a subcollective of FLSA Collective Plaintiffs and the Tipped Subclass members were improperly compensated at a tipped wage rate due to Defendants claiming an invalid tip credit.

32. At all relevant times, Plaintiff, a subcollective of FLSA Collective Plaintiffs, and Tipped Subclass members were paid below the minimum wage at an invalid tipped credit minimum wage. Defendants were not entitled to claim any tip credit allowance under the MWA because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform them that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform them that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift; (vi) failed to accurately track daily tips earned or maintain records thereof; (vii) failed to implement a proper tip pool that tipped employees agreed to; (viii) illegally retained tips; and (ix) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period in violation of the MWA.

33. During his employment, Plaintiff was required to engage more than twenty percent (20%) of his working time performing non-tipped related activities, such as setting up tables, cleaning the restaurant, folding napkins and silverware, polishing glassware and cutlery, sweeping and mopping, and packing up delivery orders. Even though Defendants required Plaintiff, a subcollective of the FLSA Collective Plaintiffs, and Tipped Subclass employees to engage in non-tipped activities in excess of two (2) hours or twenty percent (20%) of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

34. Plaintiff, a subcollective of the FLSA Collective Plaintiffs, and Tipped Subclass members did not receive notice that Defendants were taking a tip credit, in violation of the FLSA

and the MWA. In addition, Plaintiff, a subcollective of the FLSA Collective Plaintiffs, and Tipped Subclass did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment. Therefore, any purported tip credit taken by Defendants with respect to Plaintiff and/or a subcollective of the FLSA Collective Plaintiffs, and Tipped Subclass is invalid.

35. Plaintiff also suffered from Defendants' invalid tip pooling arrangement. Defendants implemented a policy where Plaintiff were subject to a tip pool to which they did not agree, which was set by and enforced by Defendants. Defendants failed to maintain tip sheets and failed to inform Plaintiff their respective tip pool contribution. Furthermore, regardless of the number of customers served each week, the weekly tip amounts did not vary that much. This was a regular claim among Plaintiff, a subcollective of the FLSA Collective Plaintiffs, and the tipped Subclass members, as it was clear that Defendants were not properly distributing tips.

36. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked, including overtime for hours worked over forty (40) due to a policy of time shaving.

37. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, a subcollective of FLSA Collective Plaintiffs, and the Tipped Subclass their proper wages, including overtime, due to an invalid tip credit.

38. Defendants knowingly and willfully operated their business with a policy of illegally retaining tips from Plaintiff, a subcollective of FLSA Collective Plaintiffs, and Tipped Subclass members.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

43. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice that failed to pay Plaintiff his proper compensation for any and all of his hours worked.

45. At all relevant times, Defendants had a policy and practice that failed to pay proper compensation at the statutory rate of minimum wages set by relevant state regulations due to invalid tip credit to Plaintiff and a subcollective of FLSA Collective Plaintiffs.

46. At all relevant times, Defendants had a policy and practice of unlawfully retaining Plaintiff and a subcollective of FLSA Collective Plaintiffs' gratuities.

47.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, when Defendants knew or should have known such was due.

49.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

50.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

51.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid tip credit, illegal tip retentions and deductions, plus an equal amount as liquidated damages.

52.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF MINIMUM WAGE ACT OF 1968

53.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

54.     At all relevant times, Plaintiff and Class members were employed by Defendants

within the meaning of the MWA, §§ 231.1. and 231.11.

55. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class Members their proper compensation for all of their hours worked.

56. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Tipped Subclass members the statutory minimum wage due to invalid tip credit.

57. Defendants willfully violated the rights of Plaintiff and Tipped Subclass members by retaining gratuities, in direct violation of MWA.

58. Defendants failed to properly notify Plaintiff and Tipped Subclass members of their tips and tip pooling policies, in direct violation of MWA.

59. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under MWA.

60. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under MWA.

61. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and tipped Subclass members proper tip notices, at date of hiring and annually thereafter, as required under MWA.

62. Due to Defendants' MWA violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to automatic meal break deductions, unpaid wages due to invalid tip credit deductions, illegally retained gratuities, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to MWA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and MWA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the MWA;

d. An award of unpaid minimum wages due to invalid tip credit deductions due under the FLSA and the MWA;

e. An award of invalid retained gratuities under the FLSA and the MWA;

f. An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages due to automatic meal break deductions pursuant to the FLSA;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages due to automatic meal break deductions pursuant to the MWA;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, to pay proper wages due to an invalid tip credit, and improperly retaining gratuities, pursuant to the FLSA;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, to pay proper wages due to an invalid tip credit, and improperly retaining gratuities, pursuant to the MWA;

k. Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 16, 2022     Respectfully submitted,

By:   /s/ C.K. Lee
      C.K. Lee, Esq.

      **LEE LITIGATION GROUP, PLLC**
      C.K. Lee (CL 4086)
      Anne Seelig (AS 3976)
      148 West 24th Street, 8th Floor
      New York, NY 10016
      Tel.: (212) 465-1188
      Fax: (212) 465-1181
      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*